Kevin Payton
840 N. Campus Ave # A
Upland, CA 91786
(818) 568-0255
nulevelred@Gmail.com

FILED

2021 DEC -6  AM 10: 57

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE CALIFORNIA**

5:21-CV-02041 RSWL (MAR)

**KEVIN PAYTON,**                                             )
                                                              )
               **PLAINTIFF,**                                 )
                                                              )
        **v.**                                                )
                                                              )
**CITY OF SHREVEPORT LOUISIANA, SHREVEPORT**                  )
**POLICE DEPARTMENT, SHERVEPORT POLICE OFFICER**              )
**T. D. WELDON, SHREVEPORT POLICE OFFICER ROY**               )
**NATIONS, SHREVEPORT CITY COURT PROSECUTION**                )
**OFFICE, SHREVEPORT CITY COURT PUBLIC DEFENDER**             )
**OFFICE, CADDO PARISH DISTRICT ATTORNEY OFFICE,**            )
**CADDO PARISH PUBLIC DEFENDER OFFICE, CADDO**                )
**CORRECTIONAL CENTER, CADDO CORRECTIONAL**                   )
**CENTER EMPLOYEE BETTY BRYANT, CADDO**                       )
**CORRECTIONAL CENTER EMPLOYEE JUSTIN LISTER,**               )
**FEDERAL BUREAU OF INVESTIGATION, VICE PRESIDENT**           )
**KAMALA HARRIS, GOVERNOR GAVIN NEWSOM,**                     )
**SENATOR DIANNE FEINSTEIN, CONGRESSMAN PETE**                )
**AGUILAR, ATTORNEY FRANK WOO, ATTORNEY JEFFREY**             )
**LAWRENCE, CITY OF SAN BERNARDINO CALIFORNIA,**              )
**SAN BERNARDINO POLICE DEPARTMENT, SAN**                     )
**BERNARDINO COUNTY DISTRICT ATTORNEY OFFICE,**               )
**SAN BERNARDINO COUNTY PUBLIC DEFENDER OFFICE,**             )

1

SAN BERNARDINO COUNTY COURT, GOVERNOR JOHN      )
BEL EDWARDS, and DOES 1 through 100 inclusive,          )
                                                                                      )
                          DEFENDANTS,                             )          JURY TRIAL
                                                                                      )          DEMAMDED

## SUPPLEMENTAL COMPLAINT

NOWS COMES Plaintiff, Kevin Payton, IN PER SE, and complaining of CITY

OF SHREVEPORT LOUISIANA, SHREVEPORT POLICE DEPARTMENT, SHREVEPORT

POLICE OFFICER T. D. WELDON, SHREVEPORT POLICE OFFICER ROY NATIONS,

SHREVEPORT CITY PROSECUTION OFFICE, SHREVEPORT CITY COURT PUBLIC

DEFENDER OFFICE, CADDO PARISH DISTRICT ATTORNEY OFFICE, CADDO PARISH

PUBLIC DEFENDER OFFICE, CADDO CORRECTIONAL CENTER, CADDO

CORRECTIONAL CENTER EMPLOYEE BETTY BRYANT, CADDO CORRECTIONAL

CENTER EMPLOYEE JUSTIN LISTER, FEDERAL BUREAU OF INVESTIGATION, VICE

PRESIDENT KAMALA HARRIS, GOVERNOR GAVIN NEWSOM, SENATOR DIANNE

FEINSTEIN, CONGRESSMAN PETE AGUILAR, ATTORNEY FRANK WOO, ATTORNEY

JEFFREY LAWRENCE ATTORNEY JEFFREY LAWRENCE, CITY OF SAN BERNARDINO

2

CALIFORNIA, SAN BERNARDINO POLICE DEPARTMENT, SAN BERNARDINO

COUNTY DISTRICT ATTORNEY OFFICE, SAN BERNARDINO COUNTY PUBLIC

DEFENDER OFFICE, SAN BERNARDINO COUNTY COURT, GOVERNOR JOHN BEL

EDWARDS, and DOES 1 through 100 inclusive (collectively known from now on as

"Defendants"), alleges as follows:

## INTRODUCTION

1. On June 13, 2018, a District Court Complaint was filed by Plaintiff In The

   United District Court Western District Of Louisiana Shreveport for multiple

   counts Of Civil Rights Violations delivered by United Parcel Service.

2. Upon Plaintiff receiving filed complaint by mail from Shreveport District

   Court without any summons to serve all defendants, Plaintiff called Court

   to ask why summons to serve defendants were not included in return

   package with filed complaint. Plaintiff called Court, spoke to Court Clerk,

   and asked why summons to serve all Defendants were not included in

   package and Court Clerk replied to Plaintiff, "The Court has not fully

3

accepted the Court Complaint filing", but apparently the Court fully

accepted the 400-dollar filing fee.

3.   On August 16, 2018, Plaintiff received "MOTION TO EXPUNGE" from

Court by e-mail, and questioner page if Plaintiff has ever been involved in

Prior U. S. District Court Complaint filing, with no hearing date for Oral

Arguments to be made on Motion to Expunge.

4.   Plaintiff immediately called Court and spoke to same Court Clerk Plaintiff

had spoken in previous call to Court and inquired with, who exactly drafted

and filed The Motion to Expunge with the Court when there are no

defendants that have been served. The Court Clerk replied, "we have Court

Lawyers here at the court that work for us". Plaintiff dropped his phone

from the shock of the statement and was very lucky a case and glass

protector on phone or it would have cracked and broke.

Plaintiff was having problems trying to imagine, conceive and comprehend

how District Court Lawyers could draft and file a motion in a case on

behalf, in behest and in favor of all the un-served Defendants and Plaintiff

4

thought to himself, that really must be nice, for the Defendants at least. Plaintiff responded by e-mail to Court with Information Court had requested.

5.   On December 17, 2018, Plaintiff received from Court by e-mail a," Motion To Dismiss". Plaintiff immediately call the Court and spoke to same Court Clerk and advise Clerk Plaintiff will not respond to anything else the Court Sends to the Plaintiff except for the Summons to serve all Defendants and Ended phone call.

6.   On February 18, 2019, around 9 pm Pacific time Plaintiff deliberately, intentionally and on purpose Logged onto the Shreveport District Court website and downloaded cover Page for A310 Complaint to file against both District Court Judges for allowing such blatant disregard of the rules of the Court in the handling of Plaintiff case with the Fifth Circuit Court of Appeals in New Orleans Louisiana.

7.   In less than 12 hours form the download, Plaintiff checked e-mail at around 6 am Pacific time and had received from Court, "Motion to Dismiss" in two weeks with no Court date for additional Oral Arguments. Plaintiff did

5

not respond to e-mail.

8.   On March 14, 2019, Plaintiff received e-mail from Court the case has been

Dismissed.

9.   It was District Court Case Proceeding, without 1 single court appearance,

Not 1 single Defendant, 3 separate motions filed in case by Court Lawyers

Being paid by the court on behalf in behest and in favor of all un-served

Defendants with almost each and every action executed in case done

simply by e-mail alone made Plaintiff say to himself, that's a new 1 on me.

10.  Based on Shreveport District Court Intentional, deliberate, and blatant

Disrespect to Plaintiff and rule of law, Plaintiff will request filing fee waived

For Riverside District Court Complaint filing.

## JURISDICTION AND VENUE

11.  This action is brought pursuant to 42 U. S. C. § 1983 to redress the

Deprivation Under color of law of Plaintiff's rights as secured by the United

States Constitution.

12.  This court has jurisdiction pursuant to 28 U. S. C. §§ 1331, 1367. Venue is

Proper under 28 U. S. C. § 1391 (b).  Some of The Parties reside in this

Judicial district, and based on the judicial misconduct perpetrated against

Plaintiff in Shreveport District Court filing, all Parties residing in Shreveport

District Court jurisdiction will now have to answer Complaint filing in

Riverside District Court, and events giving Rise to the claims asserted herein

Occurred here as well.

## THE PARTIES

13.  Plaintiff KEVIN PAYTON is a 58 years-old resident of the City of Upland,

California.

14.  Defendant City of Shreveport is a municipal entity which employs or

Employed the Defendant Officers.

15.  Defendant Shreveport Police Department is a municipal entity of the City

Shreveport which employs or employed the Defendant Officers.

16.  At all times relevant hereto, Defendants Officers T. D. Weldon and Roy

Nations were Shreveport Police Officers and their false arrest

and perjured testimony led directly to circumstances as of today.

7

17.   Defendant Shreveport City Court Prosecution Office is a municipal entity

Directly responsible for the malicious prosecution of Plaintiff.

18.   Defendant Shreveport City Court Public Defender Office is a municipal

Entity which corroborated, assisted, and worked in close cooperation with

Prosecution in the malicious prosecution of Plaintiff.

19.   Defendant Caddo Parish District Attorney Office is a municipal entity

Directly responsible for the malicious prosecution of Plaintiff's Wife, and

Extreme financial loss to Plaintiff as the sole provider of Plaintiff's single

Income family.

20.   Defendant Caddo Parish Public Defender Office is a municipal entity

Which corroborated, assisted, and worked in close cooperation with

Prosecution in the malicious and criminal prosecution of Plaintiff's wife.

21.   Defendant Caddo Correctional Center is a municipal entity responsible

Of the false imprisonment of Plaintiff's Wife by 2 of its employee's.

22.   At all times relevant hereto, Defendant Betty Bryant and Justin lister

Were employees of Caddo Correctional Center executing their appointed

Duties and responsibilities, and are the 2 employees solely responsible for

8

the False imprisonment of Plaintiff's Wife.

23.   Defendant Federal Bureau of Investigation is a Federal Institution

Responsible of facilitation and corroboration by its intentional and

Deliberate lack of duly obligated actions, the humiliating, slanderous

And liable events which occurred at Fort Polk, Louisiana on September

26, 2017 and the extreme financial loss to Plaintiff from it and other denial

Of access to several other bases after incident at Fort Polk.

24.   At all times relevant hereto, Defendant Vice President Kamala Harris

As the 32nd California State attorney General from 2011 to 2017 and former

California U. S. Senator from 2017 until Vice President elect, Defendant has

Completely ignored the rampant previous and ongoing criminal activity at

San Bernardino County Court and lack of duly obligated actions upon

Receiving information of criminal actions of all defendants associated with

Case over 1 year ago.

25.   At all times relevant hereto, Defendant Governor Gavin Newsom lack of

Duly obligated actions to assign Special Prosecutor to investigate the

Previous and ongoing rampant criminal activity at San Bernardino County

Court upon receiving information of criminal actions of San Bernardino

Police Officers and San Bernardino County Court Officials.

26.   At all times relevant hereto, Defendant Senator Dianne Feinstein lack

Of duly obligated actions of the previous and ongoing rampant criminal

Activity of Police Officers and Court Officials in San Bernardino City and

County.

27.   At all times relevant hereto, Defendant Congressman Pete Aguilar with

Local office less than 1.5 miles from San Bernardino County Court, which

Is close enough to even smell what's going on there, and lack of duly

Obligated actions against the blatant and rampant criminal activity

Previous and ongoing is not only a travesty of the justice system, but also

A complete and absolute insult and show of total disrespect to all his

Constituents in the 31st District of California the Congressman allegedly

Suppose to represent.

28.   At all times relevant hereto, Defendant Attorney Frank Woo alleged

Representation of Plaintiff's Wife in defense of felony assault with a deadly

Weapon was not only a violation of his sworn duties as an Officer of the

Court in the representation of his client, his cooperation, help and

Facilitation with the Prosecution to obtain the felony conviction rises to

The criminal level.

29.   At all times relevant hereto, Defendant Attorney Jeffrey Lawrence who

Represented and stood right next to Plaintiff's wife at sentencing hearing

For felony assault with a deadly weapon conviction with no complainant,

No complainant statement, basically no victim and the felony witness

Tampering of Plaintiff was not only a violation of his sworn duties as an

Officer of the Court in the representation of his client, his cooperation,

Help and facilitation with the Prosecution to obtain the felony conviction

Rises to the criminal level.

30.   Defendant City of San Bernardino California is a municipal entity which

Employs or employed the San Bernardino Police Officers committed

Multiple felonies.

31.   Defendant San Bernardino Police Department is a municipal entity of the

City of Shreveport which employs or employed Police Officers committed

Multiple felonies.

32.   Defendant San Bernardino County District Attorney Office is a municipal

Entity directly responsible for the malicious and criminal prosecution of

Plaintiff's Wife to seek and obtain a felony conviction assault with a deadly

Weapon with no complainant, no complainant statement, basically, no

Victim.

33.   Defendant San Bernardino County Public Defender Office is a municipal

Entity which corroborated, assisted, and worked in close cooperation with

Prosecution in the malicious and criminal prosecution of Plaintiff's Wife to

Obtain felony assault with a deadly weapon conviction with no

Complainant, no complainant statement, basically, no victim.

34.   Defendant San Bernardino County Court is a municipal entity directly

Responsible for the conviction of Plaintiff's Wife of felony assault with a

Deadly weapon with no complainant, no complainant statement, basically,

No victim, and whether the Court was not aware of the malicious and

12

Criminal prosecution or was all a part of it is not for the Plaintiff to try and

Figure out.

35.    At all times relevant hereto, Defendant Governor John Bel Edwards

Lack of duly obligated actions to assign Special Prosecutor to investigate

The blatant and rampant malicious and criminal prosecution of Plaintiff's

Wife by the Shreveport Police Department and Caddo Parish Court after

receiving official written notification sent and received by Registered mail

over 3 years ago.

36.   Defendants Does 1 through 100 inclusive still unknown.


## DEFENDANTS MISCONDUCT


37.   At this point refer to original District Court Complaint filing in Shreveport

Louisiana Case # 5:18-CV-0795, paragraphs 1 through 48 for Shreveport

Defendant's misconduct.

38.   Almost a decade ago Plaintiff's Wife 2 brothers were fighting in the back

Seat of Plaintiff's 2000 Ford Explorer at the Creekside Apartments at 495

East 3rd Street, San Bernardino, California. When the first Police car

Responding arrived at the scene, the fight ended.

39.   Within the next 10 minutes at least 10 to 15 additional Officers arrived

      At scene. About 20 minutes later the San Bernardino Police Department

      Arrested Plaintiff's Wife on a warrant for her arrest from a previous ticket

      And failure to appear. Plaintiff spoke to Wife in back seat of Police car

      Everything will be alright, and Plaintiff will take care of the fine as soon as

      Possible.

40.   At the time, Plaintiff was a Truck Driver for North American Van lines

      Operating 48 States, and Plaintiff's Wife was attending nursing school with

      2 ½ years in and 1 ½ years left to complete. The moment the malicious,

      Blatant, conspiring, deception and criminally obtained felony assault with

      A deadly weapon was posted on Plaintiff's wife, nursing career was over

      And made the family regress to a single income for 2 adults and 4 children

      That's has financially devasted and hindered the family for the last decade.

41.   Plaintiff visited Wife at West Valley Detention Center and explained

      Would not be much longer before fine would clear and would be released,

      Plaintiff explain to wife was leaving for a trip to east coast and by the time

Of returned would be released.

42.   Plaintiff was on trip in the state of Maryland when Plaintiff received form

Wife's representing Public Defender Attorney Frank Woo. Mr. Woo stated

To Plaintiff, "your wife has just plead guilty to felony assault with a deadly

Weapon". Plaintiff replied "what the hell are you talking about you have

Lost your mind nothing like that happened I was there and a witness to

Everything and we gone straighten this up when I get back, and what you

About to do is go back into Court and tell the Judge she withdraws her

plea". Mr. Woo responded to Plaintiff, "I'm not going to do that he's a

hanging Judge and since he is a hanging he's not going to accept her to

withdraw her plea so I am not going to do that. Plaintiff responded to Mr.

Woo, "you lucky I'm not right there in the same room with you because if I

Was you would be having big problems.

43.   When Plaintiff returned from trip, went straight to San Bernardino

County District Attorney Office advised representative was a witness on

Case and nothing like that happened. Representative checked case record,

Advised Plaintiff was not on the witness list and leave the property

15

Immediately.

44.    During Child Support proceeding in San Bernardino County Child Support

Court, due directly by the shear, complete, total, and absolute

Incompetence of the San Bernardino County Child Support Services

Department, before checking with Plaintiff, a Child Support case was filed

Against Plaintiff further damaging reputation, with a Court Order to pay

400 dollars a month in Child Support and Plaintiff produced records had

Been paying 1,200 dollars a month in Child Support. Because of the Child

Support case filing, Plaintiff was able to access all records from Plaintiff's

Wife criminal case based on the Bench Warrant out for Her arrest for

Parole violation and the detriment circumstances it may cause to the

children if they Are with Her if She is arrested.

45.    Upon Plaintiff's access to information from Wife's criminal case,

Plaintiff discovered 6 San Bernardino Police Officers filed a perjured

And false report, which is a Felony Violation for each Officer total of 6

Felonies, and each Officer leaving Plaintiff off witness list is another

Felony of witness tampering for each Officer a total of 12 felony

16

Violation counts by 6 San Bernardino Police Officers.

46.   Upon Plaintiff's access to information of Wife's criminal case,

A picture was discovered with Plaintiff sitting in his 2000 Ford Explorer

Drivers seat with the driver door open looking through between the front

Of the door and front windshield directly at San Bernardino Police Officer

Standing about 5 feet away taking the picture, with another San Bernardino

Police Officer in the picture in his full uniform bent over front windshield of

Explorer driver side checking VIN number, but Plaintiff wasn't really there,

Because Plaintiff is not on the witness list.

47.   As to other Court Officers and Officials Felony count violations in this

Case, Plaintiff does not have the capacity to investigate thoroughly, all

Other individuals and institutions lack of duly obligated actions Plaintiff

Has approach and informed over the last decade have totally, completely

And absolutely ignored the criminal violations, and Plaintiff requests the

Court order whatever proper investigative institution to investigate to

Finally get to the bottom of it.

48.   On February 12, 2021, Plaintiff attempted delivery of partial shipment

To Naval Air Station Coronado and was denied access to base because of

Criminal record from 2 false arrest in Shreveport Louisiana in 2015.

Plaintiff Left and headed to Davis-Monthan Air Force Base in Tucson

Arizona to Deliver last partial of shipment, then returned to Naval Air

Station Coronado to deliver partial with escort could not deliver previous

Time at Base from denial of access, at great humiliation and extreme

Financial loss to Plaintiff.

## PLAINTIFF'S DAMAGES

49.   The damage to Plaintiff and family is inconceivable, insurmountable and

Simply just off the charts. The married has been destroyed directly

Because of it, what could have been a decade of a nursing career for

Plaintiff's wife has been a decade of pain misery and hardship of not

Being able to get a job that would even cover the childcare with malicious

And criminally obtained felony conviction on record.

50.   For the last decade Plaintiff has worked like a dog to support single

Income family, and with the deterioration of Plaintiff's body over the last

18

Decade because of it, Plaintiff believes will die before the end of this

Decade at pace if this is not addressed.

51.    The destruction of Plaintiffs family, false criminal record posted on

Plaintiff at 51 years old with no prior criminal arrests or convictions for any

Type of criminal activity, individuals who have committed felony violations

Running around free as a bird without the slightest type of repercussions

For the last decade, while Plaintiff, Wife and family lives have been

Destroyed from malicious, fraudulent, and criminally obtained false

Convictions on records for the last decade.

52.    With rage in Plaintiff because of all of it, and what can never be

Recovered, a settlement of 100 TRILLION dollars will not satisfy Plaintiff 's

rage, because there is no amount of money that can.

## COUNT 1 - 42 U. S. C. § 1983

## DUE PROCESS

53.    Each of the Paragraphs of this complaint and Shreveport District Court

Complaint is incorporated as if restated fully herein.

54.   As described more fully above, all of the Defendants, while acting

Individually, jointly, and in conspiracy, as well as under color of law and

Within the scope of their employment, deprived Plaintiff and wife of their

Constitutional right to a fair trial.

55.   In the manner described more fully above, the Defendants deliberately

Withheld exculpatory evidence, as well as fabricated false reports and other

Evidence, thereby misleading and misdirecting the criminal prosecution of

Plaintiff and wife. Absent the misconduct, the prosecution of Plaintiff and

Wife could not and would not have been pursued.

56.   As a result of this violation of Plaintiff and Wife constitutional right to a

Fair trial, Plaintiff and wife suffered injuries, including, but not limited to,

Emotional distress, as is more fully alleged above. The misconduct described

In this count was objectively unreasonable and was undertaken intentionally

With willful indifference to Plaintiff and Wife constitutional rights.

## COUNT II – 42 U.S.C. § 1983

## FALSE IMPRISONMENT

57.   Each of the Paragraphs of this Complaint and the Shreveport District

Court Complaint is incorporated as if restated fully herein.

58.   As described more fully above, all of the Defendants, while acting

Individually, jointly, and in conspiracy, as well as under the color of law and

Within the scope of their employment, caused the Plaintiff and Wife to be

Falsely imprisoned in violation of their constitutional rights.

59.   As a result of this violation, Plaintiff and Wife suffered injuries, including

But not limited to financial ruin, the destruction of the family, and emotional

Distress, as is more fully alleged above.

60.   The misconduct described in this count was objectively unreasonable

And was undertaken intentionally with willful indifference to Plaintiff and

Wife constitutional rights.

## COUNT III – 28 U. S. C. § 4101 (1)

### DEFAMATION

61.   Each of the Paragraphs of this Complaint and Shreveport District Court

Complaint is incorporated as if restated fully herein.

62.  As described more fully above, all of the Defendants, while acting

Individually, jointly, and in conspiracy, as well as under the color of law and

Within the scope of their employment, caused Plaintiff and Wife to be

Defamed in libel perjured statements and fraudulent reports generated

During violations of their constitutional rights.

63.  As a result of this violation, Plaintiff and Wife suffered injuries, including

But not limited to financial ruin, the destruction of the family, and

Emotional distress, as is more fully alleged above.

64.  The misconduct described in this Count was objectively unreasonable

And was undertaken intentionally with willful indifference to Plaintiff and

Wife constitutional rights.

## **COUNT IV – U. S. C. § 2680 (h)**

### **EXCEPTIONS**

65.  Each of the Paragraphs of this Complaint and the Shreveport District

Court Complaint is incorporated as if restated fully herein.

66.  As described more fully above, all of the Defendants, while acting

21

Individually, jointly, and in conspiracy, as well as under color of law and

Within the scope of their employment, caused Plaintiff and Wife to be

Subject to false arrest, false imprisonment, malicious, corrupt, and criminal

Prosecution, abuse of power, libel, perjury, slander, misrepresentation and

Deceit.

67.   As a result of this violation, Plaintiff and Wife suffered injuries, including

But not limited to financial ruin, the destruction of the family, and

Emotional distress, as is more fully alleged above.

68.   The misconduct described in this Count was objectively unreasonable

And was undertaken intentionally with willful indifference to Plaintiff and

Wife constitutional rights.


WHEREFORE, Plaintiff, KEVIN PAYTON, respectfully request that

This Court enter judgement in his favor and against Defendants, CITY OF

SHREVEPORT LOUISIANA, SHREVEPORT POLICE DEPARTMENT,

SHREVEPORT POLICE OFFICER T. D. WELDON, SHREVEPORT POLICE OFFICER

ROY NATIONS, SHREVEPORT CITY COURT PROSECUTION OFFICE,

23

SHREVEPORT CITY COURT PUBLIC DEFENDER OFFICE, CADDO PARISH

DISTRICT ATTORNEY OFFICE, CADDO PARISH PUBLIC DEFENDER OFFICE,

CADDO CORRECTIONAL CENTER, CADDO CORRECTIONAL CENTER

EMPLOYEE BETTY BRYANT, CADDO CORRECTIONAL CENTER EMPLOYEE

JUSTIN LISTER, FEDERAL BUREAU OF INVESTIGATION, VICE PRESIDENT

KAMALA HARRIS, GOVENOR GAVIN NEWSOM, SENATOR DIANNE

FEINSTEIN, CONGRESSMAN PETE AGUILAR, ATTORNEY FRANK WOO,

ATTORNEY JEFFERY LAWRENCE, CITY OF SAN BERNARDINO CALIFORNIA,

SAN BERNARDINO POLICE DEPARTMENT, SAN BERNARDINO COUNTY

DISTRICT ATTORNEY OFFICE, SAN BERNARDINO COUNTY PUBLIC

DEFENDER OFFICE, SAN BERNARDINO COUNTY COURT, GOVENOR

JOHN BEL EDWARDS, and DOES 1 through 100 inclusive, awarding

Compensatory damages, costs, and loss, along with punitive damages

Against each individual Defendants in their individual capacities, as well as

Any other relief this Court deems appropriate.

RESPECTFULL SUBMITTED

KEVIN PAYTON, IN PER SE
December 5, 2021

KEVIN PAYTON
840 NORTH CAMPUS AVENUE # A
UPLAND, CALIFORNIA, 91786
(818) 568-0255
nulevelrcd@gmail.com

## **JURY DEMAND**

Plaintiff, KEVIN PAYTON, hereby demands a trial by jury pursuant to Federal

Rule of Civil Procedure 38 (b) on all issues so triable.

RESPECTFULLY SUBMITTED

KEVIN PAYTON IN PER SE
December 5,2021

KEVIN PAYTON
840 NORTH CAMPUS AVENUE # A
UPLAND, CALIFORNIA, 91786
(818) 568-0255
nulevelrcd@gmail.com

*Attachment*

Receipt # 546 35059266

**RECEIVED**

ॐ४० JUN 13 2018

TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

KEVIN PAYTON,                                    )
                                                 )
            Plaintiff,                           )
                                                 )
    v.                                           )    5:18-cv-0795
                                                 )
CITY OF SHREVEPORT LOUISIANA, SHREVEPORT POLICE  )
DEPARTMENT, SHREVEPORT POLICE OFFICER T. D.      )
WELDON, SHREVEPORT POLICE OFFICER ROY NATIONS    )
SHREVEPORT CITY COURT PROSECUTION OFFICE,        )
SHREVEPORT CITY COURT PUBLIC DEFENDER            )
OFFICE, CADDO PARISH DISTRICT ATTORNEY OFFICE,   )
CADDO PARISH PUBLIC DEFENDER OFFICE, CADDO       )
CORRECTIONAL CENTER, CADDO CORRECTIONAL          )
CENTER EMPLOYEE BETTY BRYANT, CADDO              )
CORRECTIONAL CENTER EMPLOYEE JUSTIN LISTER       )
 FEDERAL BUREAU OF INVESTIGATION, and DOES 1     )
through 100 inclusive,                           )
                                                 )
            Defendants.                          )    JURY TRIAL DEMANDED

## **COMPLAINT**

NOWS COMES Plaintiff, KEVIN PAYTON, In Pro Per, and complaining of CITY OF

SHREVEPOIRT LOUISIANA, SHREVEPORT POLICE DEPARTMENT, SHREVEPORT POLICE OFFICER T.

D. WELDON, SHREVEPORT POLICE OFFICER ROY NATIONS, SHREVEPORT CITY COURT

PROSECUTION OFFICE, SHREVEPORT CITY COURT PUBLIC DEFENDER OFFICE, CADDO PARISH

DISTRICT ATTORNEY OFFICE, CADDO PARISH PUBLIC DEFENDER OFFICE, CADDO

CORRECTIONAL CENTER, CADDO CORRECTIONAL CENTER EMPLOYEE BETTY BRYANT,

CADDO CORRECTIONAL CENTER EMPLOYEE JUSTIN LISTER, FEDERAL BUREAU OF

INVESTIGATION, and DOES 1 through 100 Inclusive (collectively known from now on as

"Defendants"), alleges as follows:

**Introduction**

1.  On March 1, 2015 AT 6:46AM, Plaintiff called Shreveport Police Department to come and remove Mr. Brandon Player, a dope head dope dealing gun toting Multipole convicted Felon, from Plaintiff living room sofa. Officer T. D Weldon of the Shreveport Police department arrived at Plaintiff home and arrested Plaintiff without any charges, advising Plaintiff of any charges, without Miranda Rights read to Plaintiff and leaving Mr. Player in Plaintiff home with Wife and kids

2.  Prior to arrest, Plaintiff had never been arrested or convicted of any type of Criminal activity.

3.  Plaintiff posted bail on or around 6 PM that evening and returned home with bail Bonds man. Mr. Player was still on Plaintiff Property and Plaintiff was arrested again with no Charges, no Miranda Rights and a massive quantity of drugs found behind Plaintiff home and Listed on Plaintiff arrest record.

4.  Plaintiff was employed by trucking company Tak Trucking, Elk Grove Village IL. Plaintiff purchased and financed 2009 Peterbilt 3 axle tractor from company and made almost 2 years of payments on 4-year plan plus repairs.

5.  Plaintiff employer were discussing bail arrangements with Plaintiff mother, Checked Plaintiff arrest record with drugs listed, fired Plaintiff and repossessed truck Plaintiff had over $42,000-dollars invested in.

6.  Both false arrest of Plaintiff by the Shreveport Police Department gave Mr. Player a sense of invincibility and lack of any fear to bring himself and his associative and their Criminal activity in and around Plaintiff home with no impunity. Plaintiff employment as

2

over the road truck driver made situation hard enough to control without the shear and absolute incompetence of the Shreveport Police department.

    7.  The circumstances lead straight, exactly and directly to the arrest of Mr. Player and Plaintiff wife, Shamirah Riggs, on drugs charges on December 24, 2015

    8.  Subsequently over the next year and a half Defendants conspired, corroborated And performed multiple acts of criminal activity to frame, pressure and coerce Plaintiff with to plead guilty to conviction.

    9.  The complete destruction of Plaintiff finical status and malicious Prosecution in Plaintiff case and wife case instigated directly form actions of the Shreveport Police Department Has left Plaintiff in such deep hole Plaintiff has still yet to pull out.

### Jurisdiction and Venue

    10.  This action is brought pursuant to 42 u.s.c. Section 1983 to redress the deprivation Under color of law of Plaintiff's rights as secured by the United States Constitution.

    11.  This court has jurisdiction pursuant to 28 u.s.c. §§ 1331, 1367. Venue is proper Under 28 u.s.c. § 1391 (b). The Parties reside in this judicial district, and the events giving Rise to the claims asserted herein occurred here as well.

### The Parties

    12.  Plaintiff Kevin Payton is a 54 years-old resident of the city of Upland, California. At the time he and his wife were maliciously prosecuted by the Defendants, Plaintiff had no Type Of criminal record at all, no arrest and no convictions of any type of criminal activity. Since that time because of criminal record, Plaintiff has endured many humiliation and shameful occurrences of denied Access to 3 separate military instillations during performance

3

of his job as truck driver. Plaintiff has been in finical ruin since the loss of his entire

investment in his truck when repossessed and one and one-half year malicious prosecution

of his wife only, exasperated Plaintiff situation.

13.  Defendant City of Shreveport is a municipal entity which employs or employed

The Defendant Officers.

14.  Defendant Shreveport police Department is a municipal entity of the City of

Shreveport which employs or employed the Defendant Officers.

15.  At all time relevant hereto, Defendants T. D. Weldon and Roy Nations

Were Shreveport Police Officers and their false arrest and perjured testimony led directly

To circumstances as of today.

16. Defendant Shreveport City Court Prosecution Office is a municipal entity directly

Responsible for the malicious prosecution of Plaintiff.

17.  Defendant Shreveport City Court Public Defender Office is a municipal entity

Which corroborated, assisted and worked in close cooperation with Prosecution in the

malicious Prosecution of Plaintiff.

18.  Defendant Caddo Parish District Attorney Office is a municipal entity directly

Responsible for the malicious and criminal prosecution of Plaintiff's wife.

19.  Defendant Parish Public Defender Office is a municipal entity which

Corroborated, assisted and worked in close cooperation with Prosecution in the malicious and

Criminal prosecution of Plaintiff's wife.

20.  Defendant Caddo Correctional Center is a municipal entity responsible of the false

Imprisonment of Plaintiff's wife by 2 of its employee's.

4

21.  At all times relevant hereto, Defendants Betty Bryant and Justin Lister were
Employees of Caddo Correctional Center executing their appointed duties and responsibilities.

22.  Defendant Federal Bureau of Investigation is a Federal Institution reasonable of
Facilitation, corroboration by its intentional and deliberate lack of duly obligated actions,
And the humiliating, slanderous and liable events which occurred at Fort Polk, Louisiana,
On September 26, 2017.

## Defendants' Misconduct

23.  Both false arrest by Defendant T.D. Weldon on March 1, 2015 not only destroyed
Plaintiff reputation, the total incompetence arrogance and stupidly of the first arrest without
Any charges stated by Defendant to Plaintiff and the lack of 1 word being spoken to Plaintiff
After numerous verbal attempts by Plaintiff questioning Defendant of charges of Plaintiff's
Arrest lead directly to second arrest and drug charges.

24.  At plaintiff preliminary court hearing, Plaintiff met and spoke briefly with Attorney
Zack Blanchard, the Public Defender assigned to represent Plaintiff in case.

25.  The next day Plaintiff called Mr. Blanchard to ask him to subpoena certain
Documents for case and Mr. Blanchard responded in angry and belligerent tone, I'm not
Going to do any of that, I will handle the case the way I want to.

26.  Plaintiff replied to Mr. Blanchard that he was fired and did not represent
Plaintiff in any way and wanted a letter filed with the court stating he no longer represents
Plaintiff within 24 hours.

27.  Plaintiff called Mr. Alex Rubenstein, the supervisor of the Public Defender Office,
And informed him Plaintiff had fired Mr. Blanchard and wanted another Public Defender and

5

Documents subpoenaed for trial date. Mr. Rubenstien advised he would be Attorney and a few Days before the trial stop by his office and pick up documents requested.

28.  Plaintiff arrived at Shreveport City Court for trial on august 5, 2015 at 8AM For court trial. Plaintiff arrived at Mr. Rubenstien Office and there was a note on door stating Mr. Rubenstien had family emergency and would not be at woke this day.

29.  Plaintiff continued his way trial courtroom and sat down in gallery on the right Side 2nd row from front 4th seat in. Mr. Blanchard was in the courtroom and every one of his Client's entered courtroom and sat down he was representing, he would approach them Stating, he could get you a deal he could get you a deal. Before Plaintiff case was called, Mr. Blanchard approached Plaintiff and stated when Plaintiff case is called he will ask for a Continuance. Plaintiff replied to Mr. Blanchard no you're not, you don't represent me and I'm Going to trial right now. Mr. Blanchard walked away from Plaintiff and a few moments latter Plaintiff case was called.

30.  Judge Brian Barber addressed and informed Plaintiff City Prosecutor Monique Davis and Mr. Blanchard had requested a continuance. Plaintiff told Judge Barber Plaintiff did Not agree and was ready to go to trial. Judge Barber responded to Plaintiff in arrogant and Slightly belligerent tone, I'm going to grant the continue because its two against one, Ms. Davis And Public Defender Mr. Blanchard, whom Plaintiff had fired. Plaintiff thought since Judge Barber had granted Prosecution such an extra ordinary request, Plaintiff should make ordinary request of his own to see how Judge Barber would rule. It is not Plaintiff fault or Problem Ms. Davis never made one single attempt or phone call to contact Plaintiff wife, her alleged Complaining witness. Plaintiff asker Judge Barber, Your Honor I would like to make a request,

6

And it pissed Judge Barber off, Plaintiff could tell by the look on his face and his body language

As he turned to face Plaintiff. Plaintiff stated to court, Your Honor, since I made it here at date

And time for trial and a continuance was granted to the Prosecution, I ask that the court release

Me on my own recognizance and refund my 950-dollar cash bond amount.

      31. Judge Brian Barber denied Plaintiff request by moving his head slightly backward

While he grit his teeth crunched his forehead down over his eyes and then dipped his head all

The way forward as he screamed at the top of his lungs, "NO".

      32. On October 26, 2015, at 8AM, Plaintiff arrived at City Court for trial. Ms. Davis

Spoke to Plaintiff for a moment before case was called, asked me if I would take a deal, I denied

Then Ms. Davis made smart alec remark, oh what happened your wife was with her boyfriend.

Plaintiff case was called, Officer T.D. Weldon did not show up to court and the case was

Dismissed.

      33. On December 24, 2015 Plaintiff's wife and Mr. Player were arrested at the

Chateau Suites Hotel downtown Shreveport for drug charges.

      34. Plaintiff arrived on scene towards end of arrest. Mr. Player and Plaintiff wife were

Still in hotel room both in handcuffs with 2 Shreveport Police Officers walking around through

Room. Plaintiff was standing outside in hallway looking through door into room while speaking

Directly to Defendant Officer Roy Nations for extended period. There was a second Shreveport

Police Officer standing in hallway as Plaintiff spoke to Defendant Roy Nations.

      35. Mr. Player and Plaintiff wife were taken out of room to police unit and transported

To jail.

      36. Plaintiff returned to room, cleared out all family belonging and left room with

children.

7

37. Upon final inspection of room and hallway before leaving scene, Plaintiff noticed Backpack left in hallway by room front door. Plaintiff picked up backpack, unzipped back pouch Pulled out pair of men's gym shoes looked inside at other items and knew immediately it was Mr. Players. Plaintiff put shoes back into backpack, zipped it close, walk to end of hallway on east side of annex building exited glass door and placed backpack into trash can left side of door.

38. At Plaintiff's wife preliminary hearing, Defendant Officer Roy Nations Perjured Himself repeatedly during his testimony as to the events that occurred at Plaintiff's wife's arrest stated there was a video Recording of the event from his body cam stood up in court patted himself down and stated he forgot to bring it to court with him.

39. Defendant Officer Roy Nations Perjurious statements during his testimony at Plaintiff's wife preliminary hearing directly led to the malicious, corrupt and criminal Prosecution of Plaintiff's wife over the next two years.

40. There have been many criminal and ethical violations by court Officers, Official's Clerks and Judges that were brought to the courts and every institution obligated to investigate and act upon attention from letters and other correspondence sent to court by Plaintiff that have been completely, absolutory and intentionally ignored to the point where the court un-filed the letters from the court case file and gave them back in open court.

41. Plaintiff will produce from 2000-3000 pages of documented evidence in discovery To verify each claim.

42. On January 22, 2016, Plaintiff posted bond for wife's release through nighthawk Bail bonds.

43. At the time of Plaintiff's wife arrest, San Bernardino County, California had a

8

Probation violation hold on her.

44. On January 22, 25, 26 and 27, 2016, Plaintiff called Caddo Correctional Center Several times to inquire if hold had been released. Each time Plaintiff was told the had not Heard back from California.

45. On January 27, 2016 Plaintiff called San Bernardino County Sheriff Department Warrant Division to inquire why hold had not been released. Plaintiff spoke to Ms. Rashida Who advised Plaintiff that she had spoke to Defendant Betty Bryant just the day before, And Ms. Bryant advised her Plaintiff's wife was being held pending her next court appearance.

46. On January 27, 2016 Plaintiff called Caddo Correctional Center and spoke to Defendant Employee Betty Bryant and asked Defendant Bryant why hadn't she notified California Plaintiff's wife's bail had been posted and Defendant Bryant replied to Plaintiff In these exact words in a belligerent, aggressive and condescending tone, "I'M NOT GONNA NOTIFY CALIFORNIA UNTIL WE ARE DONE WITH HER AND POSTING HER BAIL WAS A WASTE OF MONEY".

47. Plaintiff has made over 40 to Defendant Federal Bureau of Investigation to report The ongoing corrupting and criminal activity at the courts and Plaintiff has been completely, absolutely, intentionally and deliberately ignored to the point where members of the FBI call would hang up on Plaintiff. Plaintiff arrived at the FBI field in Riverside, California on November 16, 2016 late afternoon to report crimes in person and the FBI Field Office Would not even let the Plaintiff in the front door.

48. On September 26, 2017 Plaintiff emptied Truck in eastern Texas and drove 250 miles, to Fort Polk Louisiana to pick up first of 3 shipments going to southern California. Plaintiff was waiting at security check in to get on base. A Military Police Officer advised Plaintiff

because of a Felony Conviction on the FBI database for domestic abuse battery from Caddo Parish Court they would not allow Plaintiff on base.

### Plaintiff's Damages

49.  Plaintiff has lost over 100,000-dollars in income and investments and the Intention deliberate infliction of emotional distress on Plaintiff and family is immeasurable.

50.  Nothing burns more in Plaintiff then at the age of 51 years-old before false arrest, to have no type of Criminal record at all, no arrest, no convictions of any type of criminal activity and to go to being arrested with drug charges is something that will rage in Plaintiff until the day Plaintiff dies and a settlement of 100-billion dollars wouldn't satisfy the Rage because there is no amount of money that can.

### Count I – 42 U. S. C. § 1983

### Due Process

51. Each of the Paragraphs of this complaint is incorporated as if restated fully herein.

52. As described more fully above, all of the Defendants, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, deprived Plaintiff and wife of their constitutional right to a fair trial'

53. In the manner described more fully above, the Defendants deliberately withheld Exculpatory evidence, as well as fabricated false reports and other evidence, thereby Misleading and misdirecting the criminal prosecution of Plaintiff and Plaintiff's wife. Absent the misconduct, the prosecutions of Plaintiff and wife could not and would not have been pursued.

54. As a result of this violation of Plaintiff and wife constitutional right to a fair trial,

10

Plaintiff and wife suffered injuries, including, but not limited to, emotional distress, as is more fully alleged above. The misconduct described in this count was objectively unreasonable and and was undertaken intentionally with willful indifference to Plaintiff and wife constitutional rights.

### Count II – 42 U. S. C § 1983

### False Imprisonment

55.  Each of the Paragraphs of this Complaint is incorporated as if restated fully Herein.

56.  As described more fully above, all of the Defendants, while acting individually, Jointly, and in conspiracy, as well as under the color of law and within the scope of their Employment, caused the Plaintiff and wife to be falsely imprisoned in violation of their constitutional rights.

57.  AS a result of this violation, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.

58.  The misconduct described in this count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff and wife constitutional rights.

### Count III – 28 U. S. C. § 4101 (1)

### Defamation

59.  Each of the Paragraphs of this complaint is incorporated as if restated fully herein.

60. As described more fully above, all of the Defendants, while acting individually, jointly, and in conspiracy, as well as under the color of law and within the scope of their employment, caused plaintiff to be defamed in libel statements and reports generated during violations of his constitutional rights.

11

61. As a result of this violation, Plaintiff suffered injuries, including but not limited to Emotional distress, as is more fully alleged above.

62. The misconduct described in this Count was objectively unreasonable and was Undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

### Count IV – U. S. C. § 2680 (h)

### Exceptions

63. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

64. As described more fully above, all of the Defendants, while acting individually, Jointly, and in conspiracy, as well as under color of law and within the scope of their Employment, caused Plaintiff and Plaintiff's wife to be subject to false imprisonment, false Arrest, malicious corrupt and criminal prosecution, abuse of process, libel, slander, misrepresentation and deceit.

65. As a result of this violation, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.

66. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff and Plaintiff's wife constitutional rights.

WHERFORE, plaintiff, KEVIN PAYTON, respectfully request that this Court enter Judgement in his favor and against Defendants, CITY OF SHREVEPORT LOUISIANA, SHREVEPORT POLICE DEPARTMENT, SHREVEPORT POLICE OFFICER T. D. WELDON, SHREVEPORT POLICE ROY NATIONS, SHREVEPORT CITY COURT PROSECUTION OFFICE, SHREVEPORT CITY COURT PUBLIC DEFENDER OFFICE, CADDO PARISH DISTRICT ATTORNEY OFFICE, CADDO PARISH PUBLIC

12

DEFENDER OFFICE, CADDO CORRECTIONAL CENTER, CADDO CORRECTIONAL CENTER EMPLOYEE

BETTY BRYANT, CADDO CORRECTIONAL CENTER EMPLOYEE JUSTIN LISTER, FEDERAL BUREAU

OF INVESTIGATION, and DOES 1 through 100 inclusive, awarding compensatory damages,

Costs, and loss, along with punitive damages against each individual Defendants in their

Individual capacities, as well as any other relief this Court deems appropriate.

**Jury demand**

Plaintiff, KEVIN PAYTON, hereby demands a trial by jury pursuant to Federal Rule of

Civil Procedure 38 (b) on all issues so triable.

RESPECTFULLY SUBMITTED:

**KEVIN PAYTON IN PRO PER**

Kevin Payton
840 North Campus Avenue # A
Upland, CA 91786
(818) 568-0255
nulevelrcd@yahoo.com

14